Edgar J. Nathan, J.
This is an action to recover on five promissory notes in the total sum of $10,200. Defendant is a corporation which undertook, in March, 1958, to produce a sound movie film depicting the latest methods of hair styling and other beauty aids which it planned to exhibit to people in the trade for profit. Plaintiff Joel Kaplan, a stockholder of the corporation, owned at that time 7% of the outstanding common stock. The defendant required ¡additional capital to finance the film and accordingly, on March 17, 1958 the plaintiff and the defendant entered into a contract whereby plaintiff Joel Kaplan agreed to loan .the defendant corporation $15,000 in periodic installments to help finance the cost of producing the film. By the terms of that agreement, Kaplan also received *287 an additional 38% of the common stock of the defendant corporation.
It is undisputed that Kaplan advanced the sum of $10,200 by checks payable to Alan Keith, the president and only other stockholder of the corporation, and plaintiff Joel Kaplan. These checks were deposited in a joint account in the names of Alan Keith and Joel Kaplan. It is clear that the moneys in this account were used solely for corporate purposes. For this amount, plaintiff Joel Kaplan received a series of five promissory notes. One note, in the sum of $2,500, he assigned to his wife, Bernice Kaplan, a coplaintiff in this action. Kaplan refused to advance the additional moneys called for under the agreement, claiming that he could get no accounting for the sums he had already advanced the defendant.
Defendant contends that plaintiff’s failure to advance the final two installments was a breach of contract that bars plaintiffs’ recovery here, and, in addition, defendant interposes a counterclaim for damages in the sum of $3,500.
Defendant offered no testimony in denial of the receipt of the $10,200 represented by the notes, nor is there any dispute that defendant received the benefit of said moneys and that they were applied to a proper corporate purpose although it is clear that the defendant’s affairs were loosely conducted and that proper corporate and accounting procedures were not followed.
Turning to defendant’s counterclaim, there was a failure of proof by the defendant to support its contention that the corporation was damaged by plaintiff’s failure to advance the additional installments. In any event, the court finds that plaintiff’s refusal to advance the final two installments due under the agreement of March 17, 1958 was not such a breach of the contract as would prevent recovery by the plaintiffs under the circumstances.
Judgment for plaintiff Joel Kaplan in the sum of $7,700 and for plaintiff Bernice Kaplan in the sum of $2,500, with interest to both plaintiffs as demanded in the complaint. Defendant’s counterclaim is dismissed.
Findings of fact and conclusions of law have been waived.
This constitutes the opinion of the court, as required by section 440 of the Civil Practice Act.